UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DEWAYNE CHUBB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-00038-TRM-CHS ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

# REPORT AND RECOMMENDATION

**I.     Introduction**

Plaintiff Dewayne Chubb filed an application to proceed *in forma pauperis*. [Doc. 2]. Courts have the responsibility to screen all cases filed by plaintiffs seeking *in forma pauperis* status and to dismiss any case that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons stated herein, the Court **RECOMMENDS** Plaintiff's claim for Supplemental Security Income ("SSI") [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. 2] be **DENIED AS MOOT**.

**II.    Procedural History**

Pro se Plaintiff seeks a review of the Commissioner of Social Security Administration's ("Commissioner") denial of a hearing regarding Plaintiff's claim for SSI. Plaintiff claims he was denied SSI on February 28, 2008. [Doc. 1 at 3-4]. On March 20, 2019, Plaintiff requested a hearing by Commissioner on Plaintiff's SSI claim. *Id.* On April 10, 2019, an Administrative Law Judge ("ALJ") denied Plaintiff's request for a hearing. [Doc. 1 at 5]. Plaintiff is 32 years old and claims

he struggles with "retardation, depression, dysexia [sic], bipolar disorder, [and] psychosis." [Doc. 1 at 2, 8].

### III. Standard of Review

A party seeking to appeal a final decision of the Appeals Council may do so by bringing a civil action within the applicable time limit. 42 U.S.C. § 405(g).

As the Sixth Circuit has explained, a party has:

> 60 days from the Appeals Council's notice of denial in which to file his appeal . . . [and] a five-day 'grace period' before the 60 days began to run, which reflects the SSA's rebuttable presumption that he received his notice of denial within five days of the date of the notice.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (citation omitted). "[T]he 60-day period begins five days after the date of the denial notice." *Id*. at 436. The date of the denial notice is "the date on the notice itself" and not the postmark date. *Id*. at 437. The *Cook* court also explained that the Federal Rules of Appellate Procedure apply for calculating this time period. *Id.* at 435. Pursuant to Rule 26, the calculation *excludes* the day that triggers the period and *counts* every day, including Saturday, Sunday, legal holidays, and the last day of the period, unless the last day is a Saturday, Sunday, or legal holiday. Fed. R. App. P. 26. Finally, the court in *Cook* set out the following five factors for courts to consider in determining whether a party whose Complaint is time barred is nonetheless entitled to "equitable tolling."

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437 (citation omitted). Absent the application of one or more of those factors, equitable tolling will not operate to prevent a harsh result, even where a party is only one day late in her filing. *Id*.; *see, e.g.*, *Louck v. Soc. Sec. Admin.*, No. 3:14-cv-1385, 2015 WL 1003532, at *2 (M.D. Tenn. Mar. 6, 2015).

Further, a claimant must follow the proper administrative process. After an initial denial of benefits, a claimant has a right to request reconsideration of that denial. 20 C.F.R. § 416.1408. Following a denial on reconsideration, a claimant has a right to request a hearing before an ALJ. 20 C.F.R. 416.1430. However, an ALJ may dismiss a request for a hearing if the person requesting it "has no right to it under § 416.1430." 20 C.F.R. 416.1457.

## IV. Analysis

Here, if Plaintiff's request for a hearing is treated as a request for reconsideration, then it is "more than 3,000 days late." [Doc. 1 at 5]. Therefore, Plaintiff's claim will be time barred unless equitable tolling applies. Plaintiff has not advanced any reason for such a prodigious delay. While Plaintiff apparently struggles with various mental and physical challenges, these are not enough to excuse a filing that is over a decade delinquent. The Court finds that Plaintiff's Complaint is time barred and that equitable tolling should not apply in this case.

Alternatively, if Plaintiff's request for a hearing is treated as such, "[t]here is no indication in the record that a reconsideration determination has been made in this case." [Doc. 1 at 5]. Therefore, the ALJ properly dismissed the request for a hearing because Plaintiff has no right to it.

## V. Conclusion

For the reasons explained above, the undersigned **RECOMMENDS** that Plaintiff's complaint [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion for Leave to Proceed

*in forma pauperis* [Doc. 2] be **DENIED AS MOOT**. Nothing in the Court's ruling prevents Plaintiff from submitting a new application for SSI to the Commissioner.

The Court directs the Clerk to mail a copy of this Order to Plaintiff.

**SO ORDERED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE